IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIME INSURANCE COMPANY,<br><br>    Plaintiff /Counter-Defendant,<br><br>v.<br><br>PRINCESS TOURS, INC.,<br><br>    Defendant /Counter-Claimant,<br><br>CHAMBERLIN & REINHEIMER INS., INC.—MARK AGENCY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-458<br><br>Judge Robert J. Shelby |

    This is an insurance coverage dispute.  Defendant Chamberlin & Reinheimer Ins., Inc.—Mark Agency moves to dismiss, alleging Plaintiff Prime Insurance Company has failed to state a claim against Chamberlin upon which relief can be granted.  For the reasons stated below, the court grants the motion.

## BACKGROUND

    This case arises from an insurance coverage dispute relating to a March 17, 2014 bus accident in Stafford County, Virginia.  Prime issued a commercial auto insurance policy to Princess Tours, Inc., with the policy period running from July 15, 2013 through July 15, 2014.  Chamberlin assisted in negotiating and obtaining the policy.  Prime sued both Princess Tours and Chamberlin, seeking a declaratory judgment that the Policy does not provide coverage for damages arising out of the March 17 accident.  In the alternative, Prime argues that any coverage should be limited to $10,000.  Beyond the allegation that Chamberlin assisted in negotiating and

obtaining the policy, Prime makes no factual allegations with respect to Chamberlin. In its answer and counterclaim, Princess Tours likewise makes no factual allegations with respect to Chamberlin and asserts no cause of action arising from Chamberlin's involvement in the transaction that procured the policy at issue.

## ANALYSIS

Chamberlin moves to dismiss all claims against it on the grounds that Prime has failed to allege sufficient facts to state an actionable claim for relief. Prime opposes the motion on grounds that, although "admittedly speculative,"[1] dismissing Chamberlin from the lawsuit may lead to future unnecessary litigation.

### I. Legal Standard

To survive a 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted," meaning the complaint must allege "enough factual matter, taken as true, to make his 'claim to relief ... plausible on its face.'"[2] The court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff,"[3] but the court will not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[4]

### II. Prime's Allegations Against Chamberlin

Prime's Complaint makes only two allegations and one prayer for relief that implicate Chamberlin to any degree. First, Prime alleges "Chamberlin assisted Princess in negotiating and

---

[1] Mem. in Opp. to Motion to Dismiss (Dkt. 21), at 6.
[2] Fed. R. Civ. P. 12(b)(6); *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Jordan-Arapahoe, LLP v. Bd. Of Cnty. Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

obtaining the Policy."[5]  Second, Prime asserts "[a]n actual dispute and controversy has arisen between Plaintiff and Defendants regarding whether there is coverage available under the Policy for the March 17, 2014 accident."[6]  Lastly, Prime requests a declaration that "[a]s coverage is precluded, Defendants have no right of recovery against Plaintiff for any claims or actions arising out of the March 17, 2014 accident."[7]  The court accepts as true Prime's factual allegation that Chamberlin was involved in negotiating and obtaining the Policy for Princess Tours.  The remaining allegations are legal conclusions not entitled to "an assumption of truth."[8]

By itself, Chamberlin's involvement in negotiating and obtaining the Policy for Princess Tours does not support a plausible claim for relief.  And Prime's Complaint is devoid of any further factual allegation that plausibly implicates Chamberlin in the coverage dispute between Prime and Princess Tours.  Prime urges the court to "liberally construe[]" the declaratory judgment act in order to "avoid inconsistent, piecemeal litigation."[9]  But even giving the act a liberal construction would not absolve Prime of its obligation to adequately plead a claim against Chamberlin.  In the end, the court finds that Prime has failed to state an actionable claim for relief against Chamberlin.

## CONCLUSION

For the reasons stated, the court GRANTS Chamberlin's Motion to Dismiss (Dkt. 16) and all causes of action against Chamberlin are DISMISSED WITHOUT PREJUDICE.  Prime's claims against Princess Tours remain operative.

---

[5] Complaint (Dkt. 2, exh. 1), at ¶ 8.
[6] *Id.* at ¶ 29.
[7] *Id.* at Prayer for Relief ¶ 1(f).
[8] *Iqbal*, 556 U.S. at 679.
[9] Mem. in Opp. to Motion to Dismiss (Dkt. 21), at 4.

**SO ORDERED** this 17th day of March, 2015.

                                                BY THE COURT:

                                                _____

                                                ROBERT J. SHELBY
                                                United States District Judge